FRENCH *v.* FOSTER.

1. HUSBAND AND WIFE—TENANCY BY ENTIRETIES—CONVEYANCE BY EITHER SPOUSE ALONE.
   Neither the husband nor wife alone can convey title vested in them as tenants by the entireties.

2. DIVORCE—TENANCY BY ENTIRETIES—CONSTRUCTION OF SETTLEMENT AGREEMENT.
   Settlement agreement between husband and wife, parties to suit for divorce, although ineptly drawn, clearly evidenced intent upon part of husband to waive his rights in certain property

so that wife should become sole owner of the equity, hence she was entitled to decree against husband and party to whom husband had attempted to convey property then held by him and plaintiff as tenants by the entireties that title was solely in her.

Appeal from Calhoun; Hatch (Blaine W.), J. October 12, 1943. (Docket No. 50, Calendar No. 42,492.) Decided November 29, 1943.

Bill by Louise French against Jay B. Foster and another to quiet title to real estate. Cross bill by defendants against plaintiff for an accounting. Decree for plaintiff. Defendants appeal. Affirmed.

*Hamilton & Sigler,* for plaintiff.

*Cobb & Nielsen,* for defendants.

BUTZEL, J. Louise French, plaintiff, was formerly the wife of Merton H. Crampton, one of the defendants. She and defendant, on January 15, 1938, which was prior to the granting of the decree of divorce, entered into a property settlement agreement, which in its decree the court referred to as having adjusted and settled all property matters. It ordered that the provisions made therein for the wife be in lieu of dower, et cetera. The parties divided the equities in two parcels of property then held in their joint names, plaintiff receiving, in the words given below, the equity in a home owned by the entireties situated at 62 Harris avenue, Battle Creek, Michigan, and defendant receiving in express terms the home at 372 Emmett street in the same city. The settlement provided that plaintiff herein was to receive $200 in cash, $200 in a promissory note payable in a year, and further contained the following provision:

"Also first party having heretofore executed to Jay B. Foster a quitclaim deed to their joint home situated at 62 Harris avenue, Battle Creek, Michigan, and described as the west 33 feet of lot 63 of Frisbie's fourth addition to said city, does hereby waive all further right, claim or interest in and to said property."

The agreement contained an assurance clause to the effect that if it should become necessary thereafter to sign any further legal documents to clear up the property either party was to sign any such legal documents or papers when requested to do so hereafter: When the settlement agreement, which had been prepared by defendants' attorney, was presented to plaintiff and she saw the recital in regard to the quitclaim deed to defendant Foster, she immediately told defendant Crampton that it "couldn't be done." She did not believe that such a deed had been given. He told her it had been done. She refused to sign the agreement at the time but submitted it to Mr. Ryan, an attorney, who advised her that defendant alone could not legally convey title to property held by the entireties. Fortified with this advice, she signed the separation agreement. Over two years after the decree of divorce was granted, defendant Foster and his wife and defendant Crampton served a notice to quit on plaintiff, demanding possession of the entire premises and threatening her with double damages in case she continued to occupy them. She thereafter filed a bill in the present case asking that defendant Crampton execute and deliver to her by proper conveyance all of his right, title and interest to the property and that the court decree that defendant Foster had no right, title and interest in and to the premises. The court after a full hearing granted plaintiff the relief she sought.

At the hearing in the instant case, the attorney for defendants contended that the minds of the parties never met on the property settlement and expressed his willingness to have the court go back and make a fair division of the property. On this basis alone we would affirm the decree confirming the property settlement and awarding the Harris avenue property free from any claim of Foster to plaintiff. After the divorce decree plaintiff made payments on the mortgage on the property, reducing the principal almost $300. The deed from Crampton to Foster was never recorded. It had only one witness. As it later appeared when produced at the hearing, it ran to Foster and wife although it seems that the name of Foster was originally written in the deed and then that of himself and wife inserted. Evidently the parties realized the imperfections of the deed for after the decree of divorce was granted affirming the property settlement, Crampton gave a new deed to Foster and wife. Foster claims he paid Crampton $650 as consideration for the deed. Crampton claims he received $400 from Foster so as to pay such sum to plaintiff. The testimony surrounding the giving of the deed arouses one's suspicions.

While Mrs. Foster was not made a party defendant, there was no deed on record showing that she had any interest in the property when the instant suit was begun. However, the deed to Foster signed by the defendant Crampton alone could not convey a legal title and the deed to himself and wife could convey no better title. Neither husband nor wife alone can convey title vested in them as tenants by the entireties. We but recently discussed the right of a husband to give a lease of property held by the entireties in *Arrand v. Graham,* 297 Mich. 559 (136 A. L. R. 1206), but we reiterated the rule that the hus-

band alone could not convey title to the fee. This has become almost axiomatic in this State. *Way* v. *Root,* 174 Mich. 418; *Bailey* v. *Grover,* 237 Mich. 548; *Eadus* v. *Hunter,* 249 Mich. 190.

Defendants claim, however, that the words in the property settlement agreement stating that Crampton does hereby waive all further right, title and interest to said property at 62 Harris avenue are insufficient to pass title to plaintiff and do not show an intent on the part of Crampton and his attorney to convey the fee. The only plausible reason for inserting the statement in regard to the Harris avenue property in the paragraph which sets forth the property plaintiff was to receive in the settlement was that of showing that Crampton had waived his rights in the entire property so that his wife should become the sole owner of the equity. It is true that the provision was ineptly drawn, but its intent and meaning are plain. The agreement had a further assurance clause by which the parties were to execute all further legal documents to clear up the title to any of the joint properties theretofore mentioned, and that either party would sign necessary legal documents and make conveyances when so requested thereafter. It was defendant Crampton's duty to vest title in his wife alone by proper conveyance.

The trial judge came to the correct conclusion and the decree is in all respects affirmed, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.