LAMBERTS v. LEMLEY.

1. APPEAL AND ERROR—SPECIFIC PERFORMANCE—BREACH OF CONTRACT—WIFE'S REFUSAL TO SIGN DEED TO HOMESTEAD.
   Suit for specific performance of land contract for sale of homestead property, signed by defendant husband only, is treated as a law case for damages for breach of contract against the husband since wife's refusal to sign deed precluded relief by way of specific performance.

Impossibility of performance as excusing specific performance, see 2 Restatement, Contracts, § 368, and comment a.

2. VENDOR AND PURCHASER—ESTATES BY ENTIRETIES—CONTRACT SIGNED BY ONE PARTY.

While neither husband nor wife can affect the interest of the other in land held by the entirety, and a contract of either to convey the property is ineffective to vest any title in the vendee, or encumber such land, such a contract is not absolutely void and affords an action for breach of a land contract against the one who executed it.

3. SAME—HOMESTEAD—SIGNATURE TO CONTRACT BY WIFE—SPECIFIC PERFORMANCE—DAMAGES.

A contract to sell a homestead, not signed by the wife, is void in so far as specific performance is concerned, but where the contract is to sell land, including a homestead, but which exceeds in quantity the amount allowed as homestead exemption, it can be the basis for an action for damages.

4. SAME—BREACH OF LAND CONTRACT FOR HOMESTEAD AND OTHER LANDS—MEASURE OF DAMAGES.

The measure of damages for the breach of a husband's contract to sell lands which include a homestead is the difference between the price fixed by the contract and the market value of the entire quantity of the land, including the homestead, at the time of its breach.

5. SAME—BREACH OF LAND CONTRACT FOR HOMESTEAD—MEASURE OF DAMAGES.

The measure of damages for the breach of a husband's contract to sell homestead which has a value in excess of the homestead exemption is the difference between the price fixed by the contract and the market value of the land at the time of its breach.

6. APPEAL AND ERROR—TRANSFER OF CAUSE FROM EQUITY TO LAW SIDE OF COURT—REMAND—DAMAGES—COSTS.

Where relief for specific performance is abandoned by plaintiff and he does have basis for an action for damages for breach of husband's land contract for sale of homestead, motion to transfer cause to law side of court is granted and cause remanded to circuit court for finding as to amount of damages, if any, and to enter a judgment accordingly, costs to abide result (3 Comp. Laws 1929, § 14008).

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 15, 1946. (Docket No. 78, Calendar No. 43,285.) Decided May 13, 1946.

Bill by Dewey Lamberts against Scott Lemley and wife for specific performance of agreement to sell real estate and money damages. Decree for defendant. Plaintiff appeals. Reversed, dismissed as to Mrs. Scott Lemley, and remanded for transfer to law side of court and finding of fact as to amount of damages.

*Fred P. Geib* and *Clem H. Block*, for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal*, for defendant.

SHARPE, J. This is a suit for specific performance of an agreement made by defendant Scott Lemley to sell plaintiff, Dewey Lamberts, a certain home owned by Scott Lemley and wife, or in lieu thereof for an award of damages for the breach of the agreement.

The material facts are not in dispute. The real estate in question is the homestead of defendants which they are purchasing under land contract. On the 14th day of April, 1945, defendant Scott Lemley agreed to sell the premises for $3,500 and accepted $25 as a down payment. Mrs. Lemley did not sign the agreement and refuses to enter into any contract for the sale of said premises. The cause came on for trial and the trial court denied plaintiff any relief and dismissed his bill of complaint.

Plaintiff appeals and urges that the inability to convey a homestead which the husband agrees to sell because of refusal of wife to join in deed does not constitute a valid defense in an action for damages for breach of contract against the husband. When this cause was argued in the Supreme Court, the attorney for plaintiff acknowledged that his client was not entitled to a decree for specific per-

formance, hence there will be no discussion upon this issue. Because no equitable relief is asked for we shall treat this case as a law case.

The question before us is, whether a contract to sell homestead property, which exceeds in value the homestead exemption and is not signed by the vendor's wife, can be the basis of an action for damages against the husband-vendor for failure to perform his contract.

A somewhat similar question arose in *Dikeman* v. *Arnold,* 78 Mich. 455. In that case an action at law was brought to recover damages for refusal to convey lands, including a homestead, under a written agreement not signed by the wife. The wife refused to convey. Other lands were included in the husband's agreement. We there said (p. 469):

"But the contract was not void as far as the land was concerned not embraced within the homestead; and, if he had deeded in conformity with it, such deed would have conveyed his title to the excess over and above the homestead. * * *.

"We think the contract was good between Arnold and the plaintiffs. He knew when he made it that he could not perform it without the signature of his wife to the deed. He, in effect, bound himself to procure such signature. It in nowise differs in this respect from a contract to sell lands which one does not own at the time he makes such contract. The fact that one did not have legal title at the time he made the contract, and could not procure it afterwards, has never been recognized as a legal defense to an action for breach of contract."

The precise question we have for decision was before this court in *Lawrence* v. *Vinkemulder,* 157 Mich. 294. In that case defendant Vinkemulder entered into an agreement with plaintiff Lawrence to sell defendant's homestead consisting of a house and lot in the city of Grand Rapids for a price of

$7,500. The value of the property was between $8,000 and $9,000. The contract was not signed by defendant's wife and she refused to join in a deed. Plaintiff brought action in assumpsit for damages for breach of contract. The trial court directed a verdict in favor of defendant and upon appeal the judgment of the circuit court was affirmed by an equally divided court.

Mr. Justice McAlvay wrote for reversal and said:

"It is agreed that the case presents but one question: Can damages in an action at law be recovered against one who has agreed in writing to sell and convey certain real estate by warranty deed, at a future time, for his refusal to perform on the ground that the property was his homestead, and that the agreement was not signed by his wife? The defense relies upon the prohibition of section 2, article 16, of our State Constitution (1850), and the decisions of this court, which it is claimed hold that such an agreement is absolutely void for all purposes.  *  *  *

"An examination of the case of *Dikeman* v. *Arnold,* 78 Mich. 455, shows that the question has been once before considered by this court.  *  *  * This action at law was brought to recover damages for a refusal to convey lands, including a homestead, under a written agreement not signed by the wife. From the original record in the case, reported in 78 Mich. 455, it appears that the defense was the same as in the case at bar. In that case other lands were included in the agreement.  *  *  *

"Coming back to defendant's claim that the contracts were absolutely void, the court said Arnold's contracts could not be considered absolutely void; that they must be held good to the extent of lands not embraced in the homestead (citing Michigan cases), and then proceeding:

" 'In *Phillips* v. *Stauch,* 20 Mich. 369, where a specific performance was denied in a case where a portion of the premises was a homestead, and the wife did not join in the bond for a deed given by the husband, the bill was dismissed without prejudice to any proceeding at law which the complainant might "be advised to institute upon the bond for a deed mentioned in the pleadings." See pages 381, 384. This, in view of the reasoning of the opinion in the case, is an intimation that the complainant could sue upon the bond at law for damages. We think the contract was good as between Arnold and the plaintiffs. He knew when he made it that he could not perform it without the signature of his wife to the deed. He, in effect, bound himself to procure such signature. It in no wise differs in this respect from a contract to sell lands which one does not own at the time he makes such contract. The fact that one did not have the legal title at the time he made the contract, and could not procure it afterwards, has never been recognized as a legal defense to an action for breach of contract. The rule of damages was the proper one under the declaration in this case and the theory of the plaintiffs.'

"Considerable time has been devoted to the consideration of the above case because of the claim that the question in the case at bar has never been before the court.

"Not only in *Phillips* v. *Stauch,* referred to in the above opinion, but also in *Hall* v. *Loomis,* 63 Mich. 709, was the bill of complaint dismissed without prejudice to proceedings at law. In both cases the bills were filed to enforce specific performance of the contracts. It is well settled in this State that such contracts will not be specifically enforced. The numerous Michigan cases cited and relied upon by defendant are all cases brought to enforce specific performance. As there is no dispute as to what question of law was involved in those cases, it

will be unnecessary to give the citations. The statements of the court in these cases that such contracts were 'wholly invalid,' 'a nullity,' 'absolutely void,' et cetera, must be considered as made with reference to the question involved, and, when applied to the question now under discussion, or any other questions, are mere dicta.''

Chief Justice BLAIR, writing for affirmance, said:

''It being settled that a contract to sell and convey the homestead, signed by the husband only, is a mere nullity, it logically follows that no rights whatever can be predicated upon it. *Ex nihilo nihil.* \* \* \*

''Clearly, what was meant in saying that 'the contract was good between Arnold and the plaintiffs' was that it was good as to the excess, just as it had been said that a deed 'would have conveyed his title to the excess over and above the homestead.' ''

In *Way* v. *Root,* 174 Mich. 418, defendant entered into a contract with plaintiff's son to convey a tract of land owned by defendant and wife as tenants by entirety, which was not embraced within a homestead. Mrs. Root refused to join in the conveyance. The contract was assigned by the son to plaintiff who brought an action against defendant to recover damages for breach of a land contract. We there said (p. 425):

''In the case at bar none of the land covered by the contract was embraced within a homestead.

''There is no limit on the amount or value of the realty which husband and wife may hold as tenants by entirety as in case of a homestead, and they are not therefore analogous. Such a holding is not protected by any constitutional provision, and is not regarded by the courts with the same tender consideration as homestead rights, involving a home and shelter for the family. It is a species of title

which may, and sometimes does, afford opportunity to sequester substantial assets from just liabilities. When land is so held, neither can affect the other's or his or her own rights in the property by a separate transfer. An agreement to convey, though invalid to affect the title to real estate, in whole or in part, may yet be valid between the parties as a basis for the recovery of damages by reason of its breach."

In *Droppers* v. *Marshall,* 203 Mich. 173 (4 A. L. R. 1266), defendant contracted with plaintiff for the sale of 119 acres of land, which included the homestead of defendant and wife. Defendant's wife refused to convey. Plaintiff brought action for damages. We there said:

"I have been unable to find that the law as announced in *Dikeman* v. *Arnold* has ever been overruled, nor is there any reason in equity and good conscience why it should be overruled. So long as the wife is not disturbed in her homestead rights why should not the contracting husband be made to answer for his default in failing to perform his contract?"

The law is well settled that a contract to sell a homestead, not signed by the wife, is void in so far as specific performance is concerned; and that such a contract to sell land, including a homestead, but which exceeds in quantity the amount allowed as homestead exemption can be the basis for an action for damages, see *Droppers* v. *Marshall, supra.*

From the cases cited in this opinion, we conclude that an action for damages lies against the husband when he agrees to sell lands which include his homestead and are in excess thereof and his wife refuses to join in the conveyance. The measure of damages for the breach of such contract is the difference between the price fixed by the contract and the market

value of the land at the time of the breach of the contract, see *Allen* v. *Atkinson,* 21 Mich. 351; and that the damages are based upon the entire quantity of land covered by the contract even though it includes homestead land, see *Dikeman* v. *Arnold, supra,* and *Droppers* v. *Marshall, supra.*

In our opinion there. is no difference in principle between a contract which covers land in excess of· the quantity allowed as a homestead and a contract which covers land the value of which is in excess of the amount allowed for homestead purposes. In the former case an action for damages lies upon refusal to convey. The same rule should apply to the latter situation.

The decree of the trial court is reversed, but the bill of complaint against Mrs. Scott Lemley is dismissed, with costs. The relief for specific performance having been abandoned by plaintiff and a motion being before us on behalf of plaintiff, the purport of which is to transfer the cause to the law side of the court, such motion is granted and the cause of action against Scott Lemley is remanded to the circuit court of Kent county to be transferred from the chancery to the law side of the court * for a finding of fact as to the amount.of damages, if any, and a judgment entered therein in accordance with such finding of fact. Costs to await result of the case.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and STARR, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652).—RE-PORTER.