WILLIAMS v. DE MAN.

1. CONTRACTS—VENDOR AND PURCHASER—TENANCY BY ENTIRETIES—SPECIFIC PERFORMANCE—DAMAGES FOR BREACH.

A contract to sell property held by the entireties is void and there can be no specific performance thereof or recovery of damages for breach of contract to sell, where the contract is executed by only one spouse.

2. SAME—VENDOR AND PURCHASER—TENANCY BY ENTIRETIES—SPECIFIC PERFORMANCE—HUSBAND AND WIFE—SEPARATE CONTRACTS—DAMAGES—VOID CONTRACTS.

Separate contracts to sell entireties property, one executed by the wife and the other executed by the husband *held*, not to

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Husband and Wife § 182.
[2] 26 Am Jur, Husband and Wife §§ 177–179.
[3] 30 Am Jur, Interference § 22.
[4] 41 Am Jur, Pleading §§ 340–342.

entitle the purchaser to specific performance or to damages for breach of contract where the terms of the two agreements differed substantially, each contemplated that the contracts should be executed by both spouses, and the time for acceptance of each contract had expired without either agreement having been signed by both spouses.

3. SAME—BREACH OF CONTRACT—WRONGFUL INDUCEMENT—VOID CONTRACT.

There can be no recovery of alleged damages for wrongful inducement of breach of contract, where no valid contract existed.

4. JUDGMENT—SUMMARY JUDGMENT—VENDOR AND PURCHASER—DAMAGES—VOID CONTRACT.

Summary judgment for defendants husband and wife and defendant purchaser *held*, proper, where plaintiff sought specific performance or damages for breach of contract from the husband and wife, and damages for alleged wrongful inducement of breach of contract from defendant purchaser, and plaintiff's cause of action was based wholly upon two separate contracts to sell entireties property, one executed by the husband and the other by the wife, each contract differed materially from the other, each contract contemplated execution by both spouses, and neither contract was executed by both spouses, since each contract was, therefore, void and wholly unenforceable, there being no valid contract to breach.

Appeal from Muskegon; Elliott (Philip), J. Presiding. Submitted Division 3 January 4, 1967, at Grand Rapids. (Docket No. 2,284.) Decided June 13, 1967.

Complaint by Dale L. Williams against David De Man and Lucille De Man for specific performance of offers accepted separately by each defendant to sell certain property owned by defendants as tenants by the entireties, or in the alternative, for damages for breach of contract. John R. Achterhoff, purchaser of the same property from David and Lucille De Man intervened as an additional defendant. Summary judgment for all defendants. Plaintiff appeals. Affirmed.

*Poppen, Street, & Sorensen (Harold M. Street,* of counsel), for plaintiff.

*Cochran, Vander Ploeg & Grimm (Jack M. Grimm,* of counsel), for defendant David De Man.

*Stribley & Rude (George D. Stribley,* of counsel), for defendant Lucille De Man.

*Parmenter, Forsythe & Steendam (Robert L. Forsythe,* of counsel), for intervening defendant John R. Achterhoff.

BURNS, J.   Plaintiff appeals a summary judgment for defendants.   Plaintiff's complaint alleged that on February 10, 1966, defendant David De Man accepted plaintiff's offer to purchase a parcel of property owned by David De Man and Lucille De Man as tenants by the entireties.   By the terms of this offer the sellers were designated as "David De Man and Lucille De Man, husband and wife hereinafter called the seller."   The offer also contained the following provision:

"The purchaser does further agree to give * * * the realtor, until 11:59 p.m. on February 24, 1966, to secure the seller's written acceptance of this offer to purchase, which, when duly signed by the seller, shall constitute a binding contract of sale between the purchaser and the seller."

Defendant Lucille De Man never joined with her husband in signing and thereby accepting this offer. However, plaintiff alleged that on April 1, 1966, Mrs. De Man finally agreed to sell the property to plaintiff in accordance with a second offer to purchase.   This second written offer also identified Mr. and Mrs. De Man as the "seller" but differed

substantially from the aforementioned offer in regard to possession, total consideration and terms of financing. This offer gave the realtor until 11:59 p.m. on April 4, 1966, to secure the "seller's" written acceptance. David De Man's written acceptance was never obtained. Plaintiff's complaint incorporated both offers to purchase by reference and prayed for specific performance "in keeping with the aforesaid agreements" or, in the alternative, damages for breach of contract.

David and Lucille De Man answered separately, but both denied the validity of the purchase agreements because of the absence of his or her spouse's signature. Furthermore, Mr. and Mrs. De Man admitted having executed an agreement to sell the property to another person, that person being John R. Achterhoff, who was subsequently permitted to intervene as a matter of right, pursuant to GCR 1963, 209.1. Plaintiff replied to the intervening defendant's answer by alleging that he (Achterhoff) had wrongfully procured a breach of plaintiff's contract.

All of the defendants moved for a summary judgment under GCR 1963, 117. Summary judgment was entered because "plaintiff's complaint does not set forth a cause of action for which relief can be granted for the reason that the complaint shows on its face that there is no contract between the plaintiff and the defendants David and Lucille De Man."[1]

On appeal plaintiff recognizes that neither spouse, acting alone, can convey or contract to convey to a third person property held as tenants by the entireties. *Way* v. *Root* (1913), 174 Mich 418; *French* v. *Foster* (1943), 307 Mich 361; *Bailey* v.

---

[1] The circuit judge, in so ruling, retained jurisdiction for the purpose of resolving a dispute between the De Mans and Achterhoff, and consequently that matter is not before us on this appeal.

*Grover* (1927), 237 Mich 548.     Nevertheless, he
asserts that spouses owning real estate as tenants
by the entireties may contract to convey such real
property by executing separate contracts running
to the same grantee, and in support of this argu-
ment plaintiff cites *Branch* v. *Polk* (1895), 61 Ark
388 (33 SW 424, 30 LRA 324, 54 Am St Rep 266).
The Appellate Courts of Michigan have not passed
on the effect of such a transaction, nor even on
the effect of 2 separate deeds executed by the re-
spective spouses to the same grantee.     We find no
necessity to delve into this question at this time
because of the nature of the 2 separate "contracts";
*i.e.,* the terms of the "offers" differed substantially
and the time specified to obtain acceptance by the
tenants by the entireties had expired without both
spouses affixing their signatures to the alleged
agreement.     Under these circumstances appearing
from the pleadings, the circuit judge could not have
ordered specific performance.     *Way* v. *Root, supra;*
*Bailey* v. *Grover, supra.*

Notwithstanding the impossibility of specific per-
formance, plaintiff claims that the partially ac-
cepted offers entitle him to recover damages for
breach of contract, and that, therefore, the judge
erred in granting the motions for summary judg-
ment.     A similar approach was argued in *Rothstein*
v. *Weeks* (1923), 224 Mich 548.     On pages 552, 553
and 555 of the *Rothstein Case, supra,* the Court
said:

"Defendant's contention is based upon the prop-
osition that conceding specific performance of this
contract cannot be specifically enforced and is void
so far as title to the property and rights of plain-
tiff's wife are concerned, it is yet valid as against
plaintiff himself in an action at law to recover dam-
ages from him sustained by reason of his individual
breach of the contract.     In support of this proposi-

tion defendant's counsel cites *Way* v. *Root* [1913],
174 Mich 418, and other analogous cases where the
contract is individual and the party held liable
obligates himself personally and alone as empow-
ered to contract, while just the contrary is shown
here.   Not only did the defendant know the prop-
erty plaintiff was negotiating to convey was held
by plaintiff and wife as tenants by entirety, was
their home, and without her signature no valid con-
tract could be made by him in relation to it, but
the instrument itself names them in all its various
provisions as joint obligors and obligees through-
out, nowhere obligating or even mentioning plain-
tiff separately.   *   *   *

"The manifest intent as expressed in the wording
of the instrument itself, and conceded facts in re-
lation to its subject-matter, place it within the class
of contracts where each executes the agreement
upon a clearly implied condition that it is to be
executed by others named in it, and until executed
by all it remains inchoate, incomplete, undelivered
and unenforceable as to all."

As in the *Rothstein Case, supra,* the alleged
agreements between the De Mans and plaintiff
contemplated that both spouses accept one of
plaintiff's offers before there could be a valid con-
tract.   There is nothing in the pleadings indicating
that the instruments attached to and incorporated
in the complaint did not embody the true intent
of the parties.   Therefore, since the instruments
were not executed by all designated parties, no
contract ever came into existence.   Plaintiff can-
not recover damages for the breach of a contract
that never existed.

Plaintiff's assignment of error alleging that he
is entitled to recover damages from the intervening
defendant for wrongful inducement of breach of
contract, is also fatally affected by the absence of
a binding contract.   "In actions for procuring the

breach of contract, the contract concerned must have been valid." 30 Am Jur, Interference, § 23, p 74. Also see, 84 ALR 48 and 26 ALR2d 1242.

Judgment affirmed. Remanded in accordance with the circuit court's reservation of jurisdiction.

FITZGERALD, P. J., and QUINN, J., concurred.