JOYCE v VEMULAPALLI

Docket No. 115698. Submitted December 3, 1991, at Detroit. Decided March 3, 1992, at 9:25 A.M. Leave to appeal sought.

Robert P. and Jannel L. Joyce brought an action in the Oakland Circuit Court against V.K. Vemulapalli, alleging breach of a contract for the sale of land and seeking specific performance. The court, Frederick C. Ziem, J., denied the request for specific performance, noting the lack of the signature of defendant's wife on the relevant documents, but concluded that the plaintiffs were entitled to $9,000 in damages for the defendant's breach. The defendant appealed.

The Court of Appeals *held*:

1. A party who signs an agreement to sell land protected by the homestead exemption may be held liable in an action for damages if the party breaches the agreement, even though specific performance of the agreement is not available because the party's spouse has not signed the agreement.

2. The failure of the defendant's wife to sign the purchase agreement does not bar the action for damages against the defendant that was based on his failure to secure a properly executed purchase agreement. Because the defendant promised to procure his wife's signature in an effort to secure the purchase agreement, the plaintiffs were entitled to damages. The interest of the defendant's wife in the property is not affected by the award of damages because specific performance is unavailable pursuant to the statute of frauds.

Affirmed.

*William E. Matz,* for the plaintiffs.

*John B. Baum,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and BRENNAN and CAVANAGH, JJ.

PER CURIAM. Defendant appeals as of right an adverse judgment in this action for breach of a

contract for the sale of land. Following a bench trial, the trial court ruled that although plaintiffs were not entitled to specific performance of the contract, they were entitled to $9,000 in damages for defendant's breach. We affirm.

Defendant owned property in Farmington Hills, Michigan. The title to the property was in his name only when he bought the property on a land contract. At the time of purchase, defendant was not married, but he married sometime thereafter. Defendant then mortgaged the property, and his wife signed the mortgage. Title, however, from the original sellers to defendant by warranty deed was to "V. K. Vemulapalli (a married man)."

In early 1986, defendant made efforts to sell the house and land. Ultimately, the parties signed a purchase agreement. Defendant's wife did not sign the agreement. Defendant was to prepare a quit-claim deed signed by his wife.

The parties met as scheduled on May 14, 1986. Negotiations broke down at the closing. Defendant claims that plaintiffs refused to permit the insertion of a hold-harmless clause in the land contract. The record contains evidence of other possible reasons for the failure to close, including defendant's failure to secure a temporary certificate of occupancy and the failure of defendant's wife to sign the quitclaim deed. Defendant signed his wife's name to the deed and brought it to the closing. Defendant testified that his wife permitted him to sign the deed in a representative capacity.

Plaintiffs filed suit in the Oakland Circuit Court, alleging breach of a contract for the sale of land and seeking specific performance. The trial court, relying upon *Lamberts v Lemley,* 314 Mich 417; 22 NW2d 759 (1946), denied plaintiffs' request for specific performance, but concluded that plaintiffs were entitled to damages. The trial court's dam-

ages award was arrived at by subtracting the contract price from the market value of the property on the date of the breach.

Defendant argues that *Lamberts* is not controlling because it applies to sales of homestead property lands, which would not include the subject property because it was purchased for investment purposes. Defendant also contends that *Lamberts* is no longer good law because the protections afforded spouses by Michigan's homestead laws have been changed.[1]

In *Lamberts,* the husband agreed to sell the homestead property and accepted a down payment. The wife did not sign the agreement and refused to enter into any contract of sale. Our Supreme Court held that a contract to sell land within the coverage of the protections afforded homestead property was void for purposes of granting specific performance where a spouse did not join in the conveyance. *Id.,* p 424. The Court also held that an action for damages would lie against the spouse who signed a contract for the sale of land where the subject property exceeded the amount of land protected by the constitutional provision. *Id.*

Defendant attempts to distinguish *Lamberts* on the ground that the property in this case is not homestead property. However, our reading of *Lamberts* is that, for purposes of an action for damages, the important fact is the defendant's failure to convey the land after entering into an agreement to convey it. Because the Court in *Lamberts, supra,* pp 424-425, determined that the measure of damages was the difference between the contract

[1] Compare Const 1850, art 16, § 2, where homestead property not exceeding forty acres or the value of $1,500 was exempt from forced sales or other court process, as well as proceedings regarding alienation of mortgages where the wife does not sign the instrument of conveyance, with Const 1963, art 10, § 3, where a homestead in the amount of $3,500 is exempt from forced sale or other court process.

price and the market price of the *entire* parcel of land described in the contract even though it included homestead property, the fact that the land is homestead property is irrelevant in an action for damages. Accordingly, the change in the homestead law does not change the rule of law that parties who sign an agreement to sell land protected by the homestead exemption are liable for damages if they breach that agreement. See *Duke v Miller,* 355 Mich 540; 94 NW2d 819 (1959).

Next, defendant claims that the contract is void for all purposes under the statute of frauds, MCL 566.108; MSA 26.908. Defendant argues that the contract was either for entireties property or for property in which his wife had a dower interest and that, in either case, his wife's failure to sign the contract bars plaintiffs' action.

We note that this issue is not subject to our review because defendant raises it for the first time on appeal. *Jones v Continental Casualty Co,* 186 Mich App 656, 659; 465 NW2d 45 (1991). However, we decide to review the issue because it is necessary to a proper determination of the case. *Pittsburgh Tube Co v Tri-Bend, Inc,* 185 Mich App 581, 590; 463 NW2d 161 (1990).

We further note that the precise nature of the property right of defendant's wife is not dispositive of this issue. Conveyances violative of either right asserted by the defendant are void for purposes of specific performance. See *Tamplin v Tamplin,* 163 Mich App 1, 5-6; 413 NW2d 713 (1987); *Berg-Powell Steel Co v Hartman Group,* 89 Mich App 423; 280 NW2d 557 (1979).

The statute of frauds, MCL 566.108; MSA 26.908, provides:

Every contract for . . . the sale of any lands, or any interest in lands, shall be void, unless the

contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing.

Defendant relies on *Fields v Korn,* 366 Mich 108; 113 NW2d 860 (1962), *Berg-Powell Steel Co, supra,* and *Williams v De Man,* 7 Mich App 71; 151 NW2d 247 (1967), for authority that plaintiffs cannot recover damages because the contract is void under the statute of frauds.

In *Fields,* our Supreme Court held that the plaintiffs were entitled to their down payment as restitution where the contract to sell real estate required the signature of all four parties owning an undivided one-half interest in the real property and the failure of two of the parties to sign the contract violated the statute of frauds. Similarly, in *Berg-Powell Steel Co,* the plaintiff was entitled to withdraw its offer to purchase real estate before acceptance and recover its deposit where the wife of the seller, with a dower interest in the property, failed to sign the agreement. In *Williams,* the failure of the husband and the wife to sign an offer to purchase brought the offer within the statute of frauds where the offer defined the seller as both the husband and the wife.

In each of these cases, however, the signature requirement was a condition precedent pursuant to the terms of the agreement. The contracts were determined to be void with regard to all of the parties, and the remedy was the restitution of any earnest money.

Alternatively, damages are awardable against a husband where a purchase agreement is signed by the husband but not by the wife. See *Dikeman v Arnold,* 78 Mich 455; 44 NW 407 (1889); *Max Broock, Inc v Walker,* 349 Mich 63; 84 NW2d 336

(1957); *Lamberts, supra.* In these cases, the statute of frauds was inapplicable because the wife was not a necessary party to an action for breach of contract because the husband had expressly or impliedly promised to convey marketable title. Consequently, damages were awardable against the husband, and the wife's interest in the property was not affected because specific performance was unavailable.

In the present case, because defendant promised to procure his wife's signature in an effort to secure the purchase agreement, plaintiffs were entitled to damages as measured by the trial court. At the same time, the wife's interest in the property is not affected by this award because specific performance is unavailable because of the statute of frauds. Thus, the lack of the wife's signature does not prohibit the plaintiffs from bringing an action for damages against the husband based on his failure to secure a properly executed purchase agreement.

Defendant contends that the trial court erred in awarding damages equal to the difference between the contract price and the market price because the purchase agreement limited plaintiffs' remedies to specific performance or restitution. However, we decline to review this issue because it was raised for the first time on appeal. *Jones, supra.*

Affirmed.