ORION TOWNSHIP v STATE TAX COMMISSION

Docket No. 132724. Submitted June 9, 1992, at Lansing. Decided July 7, 1992, at 9:10 A.M. Leave to appeal sought.

Orion Township petitioned the Oakland Circuit Court for review of a State Tax Commission decision reversing the township's denial of an industrial facilities tax exemption certificate to General Motors Corporation. The court, Robert L. Templin, J., reversed the decision of the tax commission, determining that the items of personal property for which the exemption was sought were replacement facilities that, pursuant to MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.*, were not entitled to exemption. The court also ordered General Motors to pay the taxes at issue. General Motors appealed.

The Court of Appeals *held:*

1. MCL 207.552(3); MSA 7.800(2)(3) defines "replacement facility" as industrial property that is intended to replace or restore obsolete industrial property on contiguous or the same land, or on vacant noncontiguous land located within the same plant rehabilitation district as the obsolete property. In this case, the tax commission and the circuit court correctly concluded that the items for which the exemption was sought were replacement facilities that, pursuant to statute, were not entitled to exemption. The tax commission, however, erred in determining that General Motors nonetheless should be granted a partial exemption because it had been the policy of the tax commission to grant such exemptions. The circuit court correctly reversed that decision of the commission.

2. The circuit court, having no power to levy or collect taxes, should not have ordered General Motors to pay the disputed taxes. Instead, it should have remanded the case to the tax commission with instructions to add the disputed property to the tax rolls for collection of taxes and applicable interest.

Affirmed and remanded.

*Eric J. McCann, P.C.* (by *Eric J. McCann* and *Leon B. Jukowski*), for Orion Township.

*Collins, Blaha & Slatkin* (by *Gary J. Collins* and

*Anne P. Schierloh*), for Lake Orion Community Schools.

*Honigman Miller Schwartz & Cohn* (by *Robert A. Fineman* and *Michael B. Shapiro*), for General Motors Corporation.

Before: GRIBBS, P.J., and HOOD and C. W. SIMON, JR.,* JJ.

PER CURIAM. Respondent General Motors Corporation appeals as of right from the August 22, 1990, order of the Oakland Circuit Court reversing the decision of the State Tax Commission and ordering GM to pay taxes to petitioners Orion Township and Lake Orion Community Schools. We affirm the trial court's determination, but remand to the tax commission for implementation of the proper relief.

In 1980, the township created an "industrial development district" (IDD) comprised of 597 acres of property owned by GM. Pursuant to the creation of this district and the operation of 1974 PA 198, currently codified at MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.*, GM was granted, with respect to its construction of a new plant, a tax exemption, known commonly as an industrial facilities exemption certificate (IFEC), in the amount of $440,224,000, which was subsequently increased to $538,746,000. In 1987, GM sought an additional twelve-year IFEC covering personal property intended to replace obsolete equipment at its plant property that it valued in the amount of $29,700,000. The township denied GM's application and, on a remand from the tax commission, stated as its reasons the fact that the property constituted primarily "replacement facilities," which did not entitle GM to an exemption in an IDD.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The tax commission, on appeal, determined that $5,908,904 of the property installed by GM, and the function it performed, was entirely new to the plant and, because that property did not constitute "replacement facilities," accordingly entitled GM to an IFEC in that amount. The tax commission also determined that the remaining $23,791,096 of the property constituted "replacement facilities." While the tax commission noted its longstanding administrative interpretation that "replacement facilities" within an IDD were not eligible for an IFEC, and that GM was accordingly not entitled to an exemption, it also noted that its prior practice resulted in IFECs being granted even where the "replacement facility" was located in an IDD. Accordingly, the tax commission concluded:

> As a result of the above, even though the Commission feels that the property in issue is a "Replacement Facility" and that an exemption certificate should not be approved because the property is located in an Industrial Development District, to deny the certificate on those grounds would run contrary to past practice and constitute administrative discrimination. Absent judicial direction, the Commission feels that it is constrained to overrule the denial of the application by Orion Township.

The township appealed this decision to the Oakland Circuit Court in accordance with the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* The circuit court reversed the decision of the tax commission, finding that the property that constituted a "replacement facility," in the amount of $23,791,096, did not entitle GM to an IFEC and ordering GM to pay petitioners, as "the respective taxing units," the taxes not paid on that amount.

On appeal, GM first argues that the property constituted a "new facility" under the act and accordingly entitled it to an exemption within an IDD. Under the Administrative Procedures Act, the circuit court reviews the findings of the tax commission, like those of all administrative agencies, to ensure that its decision was supported by competent, material, and substantial evidence on the whole record. This Court utilizes an identical standard. *Blue Water Isles Co v Dep't of Natural Resources,* 171 Mich App 526, 531; 431 NW2d 53 (1988).

Under MCL 207.552(3); MSA 7.800(2)(3), a "replacement facility" is defined as industrial property that is intended to replace or restore obsolete industrial property either on contiguous or the same land, or on vacant noncontiguous land located within the same "plant rehabilitation district" (PRD) of the local governmental unit. Under MCL 207.552(4); MSA 7.800(2)(4), "new facility" is defined as "new industrial property other than a replacement facility to be built in a plant rehabilitation district or industrial development district." The primary distinction between classification of property as a "replacement facility" and as a "new facility" is the manner in which the tax is calculated and, as a result, the amount of the industrial facilities tax due. See MCL 207.564; MSA 7.800(14).

In this matter, GM agreed before the tax commission that the property that the tax commission ultimately determined constituted a "replacement facility" was intended to replace older property, previously located within the same facility, and performed the same function. We find that the tax commission's determination that this property constituted a "replacement facility" under the definition contained within the act is supported by

competent, material, and substantial evidence on the whole record. This determination, when taken into consideration with the definition of a "new facility" under the act, precludes a finding that the property constituted a "new facility." Accordingly, we conclude that the circuit court was correct in upholding the tax commission's determination.

We also believe that the circuit court was correct in its reversal of the tax commission's award of an IFEC to GM based solely on its past practices. While the controlling principle of taxation under both the federal and state constitutions is the equal treatment of similarly situated taxpayers, *Edward Rose Bldg Co v Independence Twp,* 436 Mich 620, 640; 462 NW2d 325 (1990), successful assertion of a claim that a party has been denied equal protection in the imposition of a tax requires that the party show that the taxing authority "has failed to tax similarly situated enterprises and that its failure to do so was intentional and knowing, rather than mistaken or the result of inadvertence." *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 36-37; 355 NW2d 627 (1984).

GM has made no such showing, relying instead on the commission's prior errors in support of its assertion that it is entitled to an IFEC. However, prior mistakes must be corrected, not compounded by continued error. See *Michigan Oil Co v Natural Resources Comm,* 71 Mich App 667, 683; 249 NW2d 135 (1976), aff'd 406 Mich 1; 276 NW2d 141 (1979). Accordingly, we conclude that the tax commission erred in determining that a failure to award GM the requested IFEC would be discriminatory and that the circuit court correctly reversed the decision of the tax commission.

We would note our concern over the tax commis-

sion's longstanding position, which is apparently also shared by the Commerce Department, that IFECS may be granted for "replacement facilities" only when those facilities are located in plant rehabilitation districts, and not IDDS, given the absence of any apparent statutory authority for this position. However, we conclude that this issue has been waived by GM's acceptance of this longstanding position before the commission and GM's failure to include the issue within its statement of questions presented on appeal. Accordingly, we decline to address it. *Joyce v Vemulapalli,* 193 Mich App 225, 228; 483 NW2d 445 (1992); *Check Reporting Services, Inc v Michigan National Bank-Lansing,* 191 Mich App 614, 628; 478 NW2d 893 (1991).

Even though we have determined that the circuit court was correct in its reversal of the commission's award of the requested IFEC, we conclude that the relief ordered by the circuit court was inappropriate.

GM argues that it is entitled to a remand to the tax commission for an assessment of the property's value. In support of its argument, GM correctly notes that the tax commission has the authority to place corrected assessments on the current assessment rolls for property incorrectly reported or omitted in the current or prior two years. MCL 211.154(1); MSA 7.211(1). However, GM fails to note that the tax commission has already determined the value of the property, which it also determined constituted a "replacement facility," establishing that value at $23,791,096. Had the tax commission not erroneously determined that GM was entitled to an IFEC, tax would have been computed on that amount. GM's sole remedy to challenge this valuation was a timely appeal to the Michigan Tax

Tribunal, an option that it chose not to exercise. MCL 205.731; MSA 7.650(31). See also *Nicholson v Birmingham Bd of Review,* 191 Mich App 237, 239-240; 477 NW2d 492 (1991). The commission's determination that the property was valued at $23,791,096 was sufficient to enable the circuit court to order the payment of taxes based upon that valuation.

Accordingly, we conclude that the tax commission has assessed the property that is the subject of this appeal and that a valid tax may be imposed on that amount. However, because the circuit court is not given the power to levy or collect taxes, the remedy that it should have ordered was a remand to the commission with directions to enter the value of the "replacement facility," as determined in its decision, onto the tax rolls and for the collection of the applicable taxes and interest. We order such relief.

Given our resolution of this matter, we decline to consider whether the commission correctly determined that its grant of the requested IFEC would not impair the financial soundness of the Lake Orion Community Schools. In any event, we would note that this issue has not been preserved for appellate review because of the circuit court's failure to address it. *McKelvie v Mt Clemens,* 193 Mich App 81, 86; 483 NW2d 442 (1992).

We affirm the circuit court's decision, but modify the relief ordered, remanding this matter to the tax commission to proceed in accordance with this opinion.