DUKE v. MILLER.

1. Frauds, Statute of—Sufficiency of Memorandum—Presumption as to Time of Performance.
   A contract for the sale of land, evidenced by a receipt which is silent as to time of performance or payment of balance but does not express any contrary intent is sufficient under the statute of frauds, since the law will presume a reasonable time (CL 1948, § 566.108).

2. Vendor and Purchaser—Payment—Presumption—Intent.
   Indulgence in the presumption as to payment of the balance due on a land contract that the obligor will make payment

---

References for Points in Headnotes

[1] 49 Am Jur, Statute of Frauds § 356.
[2] 55 Am Jur, Vendor and Purchaser § 340.
[3] 49 Am Jur, Specific Performance § 27.
[5] 49 Am Jur, Specific Performance § 172.

within a reasonable time does not amount to the court's making a new contract for the parties or varying its terms but merely gives effect to what it is reasonable the parties intended when no contrary intention appears on the face of the instrument.

3. SPECIFIC PERFORMANCE—LAND CONTRACT—TIME OF PERFORMANCE —PRESUMPTION.

The omission of a statement as to time of performance for payment of balance due under a land contract constitutes no such uncertainty as to time for payment of the balance as to constitute a barrier to specific performance of the contract, since a reasonable time will be presumed.

4. SAME—MOTION TO DISMISS.

Plaintiff purchasers under land contract were entitled to opportunity to present proofs in suit for specific performance as to whether defendant husband was the sole owner of the property, as to whether defendant wife had authorized defendant husband to convey the property, and as to whether or not she had estopped herself from denying that the agreement was binding on her, hence, granting motion to dismiss before hearing was error, under pleadings, affidavits and counteraffidavits presented.

5. VENDOR AND PURCHASER—BREACH OF LAND CONTRACT—LIABILITY OF WIFE—SPECIFIC PERFORMANCE—DAMAGES.

Plaintiffs who may fail to show wife was bound by land contract which she had not signed, upon hearing in suit for specific performance, would still be entitled to a determination, on the law side of the court, of defendant husband's liability to them in damages for breach of the contract.

Appeal from Wayne; Bowles (George E.), J. Submitted January 13, 1959. (Docket No. 58, Calendar No. 47,677.) Decided February 20, 1959.

Bill by Newell Duke and Ethel Duke against Raynard Miller and Regina Miller for specific performance of contract for sale of land. Bill dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Hugh K. Davidson,* for plaintiffs.

*Canham & McDonald,* for defendants.

Dethmers, C. J. Plaintiffs sued for specific performance of a contract for the sale of land. The only memorandum of agreement alleged in their bill of complaint reads as follows:

                    "Detroit, Mich., Sept. 24, 1957.
    "Received of Mr. Newell Duke $150.00 DOLLARS as Down Payment on Lot 109 on Fenkel
                            Balance $4,350
"$150.00                    (s) Ray Miller"

The court granted defendants' motion before trial to dismiss on the ground that the agreement cannot be specifically enforced because the memorandum fails to meet the requirements of the statute of frauds* in that it does not specify the time for payment of the balance and closing the deal. Reliance was had on *Ebert* v. *Cullen,* 165 Mich 75 (33 LRA NS 84), which, in turn, and with scant discussion, predicated decision on *Gault* v. *Stormont,* 51 Mich 636, 638. In *Gault* the Court said:

"There was no written evidence of the sale of the lots except the receipt which was given for the $75, and that was insufficient to answer the requirements of the statute of frauds, for though it specified the purchase price, it failed to express the time or times of payment, and there is no known and recognized custom to fix what is thus left undetermined."

Regardless of the accuracy of the Court's expressed opinion that at that time (1883) there was no known or recognized custom to fix the time for payment when not expressed in the memorandum (but see *Stange* v. *Wilson,* 17 Mich 342, decided in 1868), the situation is otherwise today and has been so recognized by this Court. See *Pierson* v. *Davidson,* 252 Mich 319; *Siegel* v. *Sharrard,* 276 Mich 668; *Brady* v. *Central Excavators, Inc.,* 316 Mich 594;

---

* CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).—Reporter.

also, *Ullsperger* v. *Meyer,* 217 Ill 262 (75 NE 482, 2 LRA NS 221, 3 Ann Cas 1032), in which it is held that when a contract is silent as to time of performance or payment, absent any expression of a contrary intent, the law will presume a reasonable time. And it was on the basis of that presumption that this Court, in its 1903 decision in *Mull* v. *Smith,* 132 Mich 618, held memoranda sufficient under the statute of frauds, as evidence of an agreement to sell land, even though they did not mention the time for payment of the balance of the purchase price. Except for the presence of the word "cash" in the memoranda involved in that case, there is little to distinguish them from the one before us insofar as the question of definiteness as to time for payment of the balance is concerned. This Court met the problem, despite what it had held in *Gault,* by saying (p 621):

'The only inference is that he shall pay cash for the property within a reasonable time."

Indulgence of that presumption or inference does not amount to the court's making a new contract for the parties or varying its terms, but merely gives effect to what it is reasonable to assume the parties intended when no contrary intention appears on the face of the instrument.

Although this Court was evenly divided in *Goldberg* v. *Mitchell,* 318 Mich 281, reference is made to the opinion of Mr. Justice BUTZEL therein, its reasoning and analysis of authorities being adopted here as sound and properly controlling of the issue at bar. There is no such uncertainty as to time for payment of the balance as to constitute a barrier to specific performance of the contract.

Defendants' motion to dismiss and supporting affidavit allege that the property was owned by defendants, husband and wife, as tenants by the entirety and that defendant wife did not sign the

memorandum. The affidavit further states that she never entered into nor acquiesced in the negotiations leading to its execution and that she was never consulted about nor informed of the agreement or its terms. Plaintiffs' bill of complaint alleged that defendant husband executed the memorandum on behalf of himself and wife. Plaintiffs' counter affidavit, filed in opposition to the motion to dismiss, alleged that they have reason to believe that defendant wife no longer has title to the real estate involved, that defendant husband was the actual owner of the property, that he had adequate authority from defendant wife to convey the property and that she has been guilty of conduct estopping her from denying that the agreement is binding on her. Under our holding in *Hatch* v. *Wolack*, 316 Mich 258, plaintiffs are entitled to an opportunity to present proofs and have a determination of the issues thus presented.

If, upon consideration of all the proofs, the trial court should hold that defendant wife is not bound, plaintiffs are still entitled to a determination, on the law side of the court, of defendant husband's liability to them in damages for breach of the contract. *Lamberts* v. *Lemley*, 314 Mich 417.

The order to dismiss is reversed and the cause remanded for further pleadings and proceedings consistent herewith. Costs to plaintiffs.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.