CORRIGAN, J.
We granted leave to appeal to consider whether an action to partition real estate may go forward when the joint tenant who filed the action died before an order of partition entered.[1] We would hold that title vested in the surviving joint tenant on the decedent’s death because the mere filing of a partition action does not sever a joint tenancy and no order granting partition was entered before the death. We would thus affirm the trial court’s denial of defendant’s motion for summary disposition and the judgment of the Court of Appeals on the partition issue.
I. PACTS AND PROCEEDINGS
At issue in this case are two parcels of real estate held by plaintiff and defendant as joint tenants and a series *212 of oral loans from plaintiff to defendant.[2] In May 1991, defendant negotiated the purchase of a parcel of land on behalf of plaintiff, and the deed conveyed the land to both parties as joint tenants. In September 1991, plaintiff purchased a second parcel of property, which was conveyed to plaintiff and defendant as joint tenants with full rights of survivorship.
In 2004, plaintiff filed a breach of contract action, alleging that defendant had failed to repay the loans. Plaintiff also sought to force defendant to relinquish his right to the two parcels of land. The trial court granted summary disposition for defendant regarding the deeds for the properties, holding that the deeds were properly executed and gave defendant valid property interests. Regarding the loans, the court did not accept defendant’s argument that the statute of limitations barred plaintiffs claim. A jury found that each check plaintiff issued to defendant was a loan, and the court entered judgment on the verdict in plaintiffs favor.
Defendant then filed a separate action for partition of the parcels. At plaintiffs request, the partition action was stayed pending the appeal in this case. Defendant unexpectedly died while the appeal was pending in the Court of Appeals. His estate was substituted as the plaintiff in the partition action and as the defendant in this case.
The Court of Appeals affirmed the trial court’s ruling that defendant possessed a valid property interest in the two parcels, but held that because no order severing the joint tenancy had issued in the partition action before defendant died, defendant’s interests in the parcels reverted to plaintiff upon defendant’s death. *213 The Court of Appeals further held that the statute of limitations did not bar plaintiffs breach of contract action for repayment of the loans because the claim did not accrue until plaintiff demanded repayment by filing her complaint in 2004.[3]
We granted defendant’s application for leave to appeal.[4]
II. STANDARD OF REVIEW
Whether a partition action may go forward if a joint tenant dies before the joint tenancy is severed is a question of law that we review de novo. Cardinal Mooney High School v Michigan High School Athletic Ass’n, 437 Mich 75, 80; 467 NW2d 21 (1991).
III. PARTITION
We agree with the Court of Appeals that defendant’s interest in the parcel of land[5] automatically reverted to plaintiff when defendant died. Thus, defendant’s estate has no interest in the property, and even if defendant’s partition action survived his death under Michigan’s survival statute, MCL 600.2921, nothing remains to partition.
“The principal characteristic of the joint tenancy is the right of survivorship. Upon the death of one joint tenant, the surviving tenant or tenants take the whole estate.” Albro v Allen, 434 Mich 271, 274-275; 454 *214 NW2d 85 (1990). An ordinary joint tenancy[6] may be severed, and the right of survivorship thereby destroyed, by an act of the parties, conveyance by either party, or levy and sale on an execution against one of the parties. Id. at 275.
A party can sever a joint tenancy by compelling a partition. Smith v Smith, 290 Mich 143, 155; 287 NW 411 (1939), quoting Midgley v Walker, 101 Mich 583, 584; 60 NW 296 (1894). Until an order of partition has been entered, however, a partition has not been compelled and, thus, the joint tenancy has not been severed. See Anno: What acts by one or more of joint tenants will sever or terminate the tenancy, 64 ALR2d 918, 956 (explaining that “[i]t is not the filing of the partition action which terminates the joint tenancy, but only the judgment in such action which has that effect”) (quotation marks and citation omitted).
Indeed, the universal rule in the United States is that a pending suit for partition does not survive the death of one of the joint tenants. See Heintz v Hudkins, 824 SW2d 139, 142-143 (Mo App, 1992), and cases cited therein. “This rule is based on two related concepts: First, the theory of survivorship — that at the moment of death, ownership vests exclusively in the surviving joint tenant or tenants — and second, the doctrine that severance of the joint tenancy does not occur until the *215 partition suit reaches final judgment.” Id., citing Cobb v Gilmer, US App DC 398, 400; 365 F2d 931 (1966).
Accordingly, we would hold that the filing of the partition action did not sever the joint tenancy because an order effectuating a partition had not entered at the time of defendant’s death. Therefore, regardless of whether defendant’s partition action survived his death under the survival statute, his interest in the parcel of land did not.
IV CONCLUSION
We would hold that defendant’s filing of the partition action did not sever the joint tenancy because no order granting partition was entered before defendant’s death. Thus, title vested in plaintiff when defendant died, and nothing remains to partition. The Court of Appeals correctly analyzed the partition issue, and we would therefore affirm its judgment on that issue.
YOUNG and MARKMAN, JJ., concurred with CORRIGAN, J.

 We also granted leave to appeal to consider whether the statute of limitations bars plaintiffs claim for breach of contract. That issue is addressed in separate opinions by Justices Cavanagh, Young, and Markman.

 The defendant’s estate was substituted as a party when the original defendant died, but for ease of reference we will refer to both the original defendant and his estate as “defendant.”

 Jackson v Green Estate, unpublished opinion per curiam of the Court of Appeals, issued April 1, 2008 (Docket No. 269244).

 482 Mich 981 (2008).

 Only the parcel conveyed in the May 1991 deed is currently at issue. Defendant does not dispute plaintiffs right of survivorship in the property conveyed in the September 1991 deed.

 In addition to an ordinary joint tenancy, Michigan recognizes a distinct category of joint tenancy known as a “joint tenancy with full rights of survivorship,” which consists of a joint life estate with dual contingent remainders. Albro, supra at 275; see also 1 Cameron, Michigan Real Property Law (3d ed), § 9.11, p 322. “While the survivorship feature of the ordinary joint tenancy may he defeated by the act of a cotenant, the dual contingent remainders of the ‘joint tenancy with full rights of survivorship’ are indestructible.” Albro, supra at 275-276. The parcel at issue here, the one conveyed in the May 1991 deed, was held under an ordinary joint tenancy.