*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTONIO LASALA,

      Plaintiff-Appellant,

v

BLUE WATER BEAGLE CLUB,

      Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 366224
St. Clair Circuit Court
LC No. 21-001533-CZ

Before: O'BRIEN, P.J., and BORRELLO and N. P. HOOD, JJ.

O'BRIEN, P.J. (*concurring in part and dissenting in part*).

I agree with the majority that the trial court properly granted summary disposition in favor of defendant on plaintiff's claim for unjust enrichment. I also agree with the majority that all of plaintiff's claims are subject to the six-year statute of limitations applicable to contract claims. I disagree, however, with the majority's conclusion that plaintiff timely brought his claims sounding in breach of contract. With respect to that conclusion, I respectfully dissent.

As the majority recounts, in 2006, plaintiff gave defendant money to purchase land, and defendant in exchange agreed that it would partition the land into two parcels and give one parcel to plaintiff. In 2010, the parties memorialized in writing their agreement that defendant would split its property and convey the west parcel to plaintiff in exchange for the loan plaintiff gave defendant to purchase the property. In 2016, plaintiff demanded that defendant comply with the parties' agreement, but defendant refused to do so. This led plaintiff to file this suit on August 12, 2021.

For plaintiff's breach-of-contract claims to be timely under the applicable six-year statute of limitations, defendant had to have first breached the parties' contract after August 12, 2015. Plaintiff argues, and the majority agrees, that the breach first occurred in 2016 when defendant refused to comply with the parties' agreement after plaintiff demanded it do so. I disagree.

"[I]n a breach of contract action, the statutory period generally begins to run on the date that the breach occurs." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 358; 771 NW2d 411 (2009). "[W]hen a contract is silent as to time of performance or payment, absent any expression of a contrary intent, the law will presume a reasonable time." *Jackson v*

*Estate of Green*, 484 Mich 209, 217; 771 NW2d 675 (2009) (opinion by CORRIGAN, J.), quoting *Duke v Miller*, 355 Mich 540, 543; 94 NW2d 819 (1959). "Reasonable time depends upon the facts and circumstances of each case." *Pierson v Davidson*, 252 Mich 319, 324; 233 NW 329 (1930). "What is reasonable time usually depends upon the nature of the contract and the particular circumstances." *Reinforced Concrete Pipe Co v Boyes*, 180 Mich 609, 616; 147 NW 577 (1914).

The parties first entered into an agreement in 2006, then memorialized their agreement in 2010. The parties agreed that plaintiff would loan $80,000 to defendant for defendant to purchase property, and in exchange, defendant would split the property and transfer a parcel to plaintiff. As the majority recounts, after defendant received the loan and purchased the property, it took virtually no steps toward fulfilling its part of this agreement. In 2012, two years after the parties memorialized their agreement, defendant was advised by an attorney that it needed a zoning variance to divide the property, but then took no further steps. A year later, instead of moving forward with the agreement to partition the property and transfer a parcel to plaintiff, defendant tried to sell the property. I would not conclude that this made defendant's delayed performance reasonable because it was not consistent with defendant fulfilling its obligation under the parties' agreement. In my view, the only step that defendant took towards fulfilling its obligation under the parties' agreement was in 2012. But even then, after defendant found out that it needed a variance to divide the property and thus fulfill its obligations under the parties' agreement, defendant did nothing. I agree with the trial court that two to three years is a reasonable time for performance of the land contract under the facts of this case. Defendant was therefore in breach of the parties' agreement two or three years after the parties signed the agreement and defendant still had not performed under it.[1] That is, I would conclude that defendant was in breach of the contract due to nonperformance at some point before August 12, 2015, which was five years after the parties memorialized their agreement in writing, and nine years after plaintiff loaned defendant the money.[2] Plaintiff's complaint filed more than six years after this breach was untimely.

I would therefore affirm the trial court's order granting summary disposition in favor of defendant in its entirety.

/s/ Colleen A. O'Brien

---

[1] As the trial court noted, even if this time period is measured from when defendant took steps to fulfill its obligations under the parties' agreement in 2012, defendant was still in breach of the contract before August 12, 2015.

[2] Defendant also recounts on appeal how plaintiff's delay in bringing this breach-of-contract action has prejudiced defendant. For instance, defendant cannot produce bank records of any payments it may have made on the loan because its bank only retains records for seven years, and defendant cannot depose some of its members with knowledge of the contested transaction and agreement because the members are deceased.