*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTONIO LASALA,

        Plaintiff-Appellant,

v

BLUE WATER BEAGLE CLUB,

        Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 366224
St. Clair Circuit Court
LC No. 21-001533-CZ

Before: O'BRIEN, P.J., and BORRELLO and N. P. HOOD, JJ.

PER CURIAM.

In this action for breach of contract, specific performance, unjust enrichment, and declaratory relief, plaintiff Antonio LaSala appeals by right the trial court's order granting summary disposition in favor of defendant Blue Water Beagle Club (Blue Water) under MCR 2.116(C)(7) (statute of limitations) and MCR 2.116(C)(8) (failure to state a claim on which relief can be granted), and denying summary disposition in favor of LaSala under MCR 2.116(C)(10) (no genuine issue of material fact). On appeal, LaSala argues that the trial court erred when it concluded that the statute of limitations barred his claims. We agree and conclude that the trial court erred by denying LaSala's summary disposition motion as moot. The trial court nonetheless correctly granted Blue Water's summary disposition motion under MCR 2.116(C)(8) because LaSala failed to state an actionable claim for unjust enrichment. We therefore vacate the trial court's summary disposition order in part and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of a dispute between dog enthusiasts following attempts to preserve property they used. LaSala is a former member of Blue Water, a Michigan nonprofit organization created to facilitate the training of hunting beagles. In 2006, Blue Water sought to purchase real property it had been leasing in Mussey Township, Michigan. It attempted to secure a bank loan for the purchase but was unsuccessful. It instead reached a verbal agreement with LaSala, who agreed to provide $80,000 to finance the purchase. In exchange, Blue Water agreed to split the

property into two parcels and convey one of them to LaSala. Blue Water purchased the property with LaSala's funds that same year.[1]

In 2010, Blue Water and LaSala put their agreement in writing. The written contract, titled agreement to divide real estate, provided that the property "shall be divided into two separate and individual parcels along a north/south line." Blue Water agreed to pay the property division costs, retain the east parcel, and convey the west parcel to LaSala. Until Blue Water divided the property and conveyed the west parcel to LaSala, LaSala retained a "first priority lien interest in the entire property for the full amount of the finance monies he put forth . . ." plus additional costs. Although the contract stated that time was of the essence, it did not provide a date for performance.

In 2012, Blue Water hired an attorney who advised that it needed a zoning variance to divide the property. Blue Water's attorney prepared a zoning variance application but Blue Water never submitted it to Mussey Township.

In 2013, Blue Water listed the property for sale. LaSala testified that he approved of the plan to sell the property, and Blue Water agreed to reimburse him with proceeds from the sale totaling $80,000 plus an additional $20,000 to $25,000 as compensation for improvements he made to the property. Blue Water's members, according to LaSala, voted on and approved the agreement during a membership meeting. Blue Water unsuccessfully attempted to sell the property for several years.

At some point, Blue Water's members began using the property for deer hunting rather than beagle training. LaSala opposed deer hunting on the property. In either 2016 or 2017, LaSala attended a Blue Water membership meeting and demanded that Blue Water comply with the parties' agreement. Blue Water did not do so.

On August 12, 2021, LaSala filed suit against Blue Water for breach of contract, specific performance, unjust enrichment, and declaratory relief affirming his right to monetary damages and his right to compel Blue Water to divide the property. Blue Water moved for summary disposition under MCR 2.116(C)(7) and (C)(8). It argued that LaSala's claims were barred by the six-year statute of limitations applicable to contract claims. Blue Water also argued that LaSala failed to state an actionable claim for unjust enrichment because the parties had an express contract covering the same subject matter. LaSala opposed Blue Water's motion, arguing that his claims were not barred by either the six-year statute of limitations applicable to contract claims or the 15-year statute of limitations applicable to real property claims. He also contended that he had a valid claim for unjust enrichment because Blue Water challenged the authenticity of the parties' contract. LaSala also moved for summary disposition under MCR 2.116(C)(10), arguing that Blue Water breached the parties' contract as a matter of law, and LaSala was entitled to money damages or specific performance.

After a hearing, the trial court granted Blue Water's summary disposition motion under MCR 2.116(C)(7) and (C)(8). It concluded that LaSala's claims were barred by the six-year statute

---

[1] LaSala stated in an affidavit that he paid roughly half of the property taxes totaling over $19,000 between 2006 and 2019.

of limitations applicable to contract claims, and LaSala failed to state a valid claim for unjust enrichment because the parties had an express contract covering the same subject matter. For those reasons, the trial court also denied LaSala's motion for summary disposition under MCR 2.116(C)(10) as moot. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

MCR 2.116(C)(7) permits summary disposition when a claim is barred by the statute of limitations. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). When addressing such a motion, the court "must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 550-551; 909 NW2d 945 (2017) (citation omitted). A party moving for summary disposition under MCR 2.116(C)(7) "may support the motion with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider." *Id*. (citation omitted).

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159 (citation omitted). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160 (citations omitted). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. (citation omitted).

"A motion under MCR 2.116(C)(10), on the other hand, tests the *factual sufficiency* of a claim." *Id*. (citation omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. LAW AND ANALYSIS

The trial court erred by granting summary disposition in favor of Blue Water under MCR 2.116(C)(7) because LaSala's claims were not barred by the statute of limitations. Yet, the trial court correctly granted summary disposition in favor of Blue Water under MCR 2.116(C)(8) because LaSala failed to state an actionable claim for unjust enrichment. In light of these conclusions, the trial court erred by denying LaSala's motion for summary disposition under MCR 2.116(C)(10) as moot as it related to LaSala's claims for breach of contract, declaratory relief, and specific performance.

### A. NATURE OF LASALA'S CLAIMS

We begin by addressing the nature of LaSala's claims. LaSala argues that his claims implicate his interest in real property rather than Blue Water's alleged breach of contract. We disagree. LaSala's claims each sound in breach of contract. They are therefore subject to a six-year limitations period.

An action to obtain or recover real property must be filed within 15 years after the claim accrues. *Houston v Mint Group, LLC*, 335 Mich App 545, 558; 968 NW2d 9 (2021). See also MCL 600.5801(4). In contrast, a breach-of-contract action must be filed within six years after the claim accrues. See MCL 600.5807(9). "In deciding which period of limitations controls, we must first determine the true nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710; 742 NW2d 399 (2007) (citation omitted). "The type of interest allegedly harmed is the focal point in determining which limitation period controls." *Id*. (quotation marks and citation omitted). "[T]he gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 710-711 (citations omitted).

LaSala's first count, labeled "BREACH OF CONTRACT," sounds in contract law. Through this claim, LaSala alleges that Blue Water breached specific contractual duties and requests monetary damages rather than an interest in the prospective western parcel of the property as contemplated in the contract. Although the claim implicates Blue Water's alleged contractual obligation to divide and convey the property, LaSala does not seek to quiet title in his favor. Nor does he seek specific performance. Rather, LaSala's alleged property interest is merely incidental to his claim. Therefore, the six-year statutory limitations period for contract claims applies to LaSala's first count.

LaSala's second count, labeled "DECLARATORY JUDGMENT," on its face appears to sound in both contract law and real property law. LaSala seeks a declaratory judgment affirming his right to monetary damages and his right to compel Blue Water to divide the property.

LaSala's request for a declaration affirming his right to monetary damages on the basis of Blue Water's alleged breach of contract sounds in contract law. LaSala alleges that Blue Water breached specific contractual duties and requests a declaration affirming his right to monetary damages rather than an interest in the prospective western parcel of the property as contemplated in the contract. Therefore, the six-year statutory limitations period applies to that aspect of LaSala's second count.

But LaSala also seeks a declaratory judgment affirming his right to compel Blue Water to divide the property. If the court granted this aspect LaSala's request for declaratory relief, it would essentially conclude that LaSala holds an interest in the prospective western parcel of property. Critically though, LaSala does not seek a declaration affirming his right to obtain title to the prospective western parcel of the property. Nor does he seek specific performance, i.e., division of the property. This omission is clarified by LaSala's requested relief. LaSala seeks to recoup his funds plus additional costs, an order compelling arbitration per the contract, or an order compelling Blue Water to sell the property and compensate LaSala with proceeds from the sale. Put simply, LaSala alleges that Blue Water breached specific contractual duties and requests a declaration affirming his right to monetary damages rather than his right to obtain title to the

prospective western parcel of the property. Therefore, the six-year statutory limitations period applies to that aspect of LaSala's second count as well.

LaSala's third count, labeled "UNJUST ENRICHMENT," sounds in contract law. "Unjust enrichment is an equitable doctrine." *AFT Mich v Michigan*, 303 Mich App 651, 677; 846 NW2d 583 (2014) (citation omitted). "It is the equitable counterpart of a legal claim for breach of contract." *Id*. (citation omitted). In keeping with this principle, LaSala alleges that Blue Water was unjustly enriched by accepting his funds without honoring its contractual obligations. Our Supreme Court "has long recognized that statutes of limitation may apply by analogy to equitable claims." *Taxpayers Allied for Constitutional Taxation v Wayne County*, 450 Mich 119, 127 n 9; 537 NW2d 596 (1995) (citations omitted). Therefore, the six-year statutory limitations period applies to LaSala's third count.

LaSala's fourth and last count, labeled "SPECIFIC ENFORCEMENT," is subject to a six-year statutory limitations period as well. Through this claim, Lasala seeks to recoup his funds plus additional costs, an order compelling arbitration per the contract, or an order compelling Blue Water to sell the property and compensate LaSala with proceeds from the sale. Specific performance is an equitable remedy that permits a court to enforce a contract when the plaintiff lacks an adequate remedy at law. *Edidin v Detroit Economic Growth Corp*, 134 Mich App 655, 660; 325 NW2d 288 (1984).[2] This Court has questioned whether specific performance constitutes an independent cause of action. See *Int'l Union, Security, Police & Fire Professionals of America v Maritas*, unpublished per curiam opinion of the Court of Appeals, issued March 16, 2023 (Docket No. 359846), p 10 n 8.[3] Our courts have routinely classified specific performance as an equitable remedy, and our Supreme Court has observed that "[i]t is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Henry v Dow Chemical Co*, 473 Mich 63, 96-97; 701 NW2d 684 (2005). This Court has also observed that "[a]n action for specific performance is timely if it is filed within six years of the date that the claim accrues." *Steward v Panek*, 251 Mich App 546, 551; 652 NW2d 232 (2002) (citation omitted). See also MCL 600.5807(1) and (9). Therefore, the six-year statutory limitations period applies to LaSala's fourth count.

## B. STATUTE OF LIMITATIONS

LaSala argues that even if each of his claims sound in breach of contract, none of them are barred by the statute of limitations. We agree.

A party must bring a breach-of-contract claim within six years of when the claim accrues. MCL 600.5807(1) and (9). This limitations period applies equally to legal and equitable claims.

---

[2] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

[3] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017) (citations omitted).

MCL 600.5815.  A breach-of-contract claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 458; 761 NW2d 846 (2008), quoting MCL 600.5827.  In other words, a breach-of-contract claim accrues "when the promisor fails to perform under the contract." *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 246; 673 NW2d 805 (2003) (citations omitted).

So, when was the breach?  Although the contract provided that time was of the essence, it provided no timeline for performance, and the parties implicitly waived any such requirement through their conduct.  The contract did not address a specific timeframe for performance but did state that time was of the essence.[4]  Neither LaSala nor Blue Water acted as though time was of the essence after reducing their agreement to writing in 2010.  Blue Water waited until 2012 before retaining an attorney to divide the property.  Blue Water's attorney prepared the necessary zoning variance application but Blue Water never submitted it to Mussey Township.  Blue Water unsuccessfully attempted to sell the property beginning in 2013.  And LaSala did not demand that Blue Water comply with the contract until 2016 or 2017, when he felt prompted to do so because Blue Water's members began using the property for deer hunting rather than beagle training.  Contracting parties may waive their contractual provisions.  *Patel v Patel*, 324 Mich App 631, 634; 922 NW2d 647 (2018).  Implied waiver may occur when the contracting parties' decisive, unequivocal conduct gives rise to a reasonable inference of an intent to waive a contractual provision.  *Id*.  Here, LaSala and Blue Water waived their contractual time-is-of-the-essence provision by delaying performance for several years.

"Where a stipulation for performance at a particular time has been waived, the party in whose favor the waiver operates is thereafter bound only to perform within a reasonable time . . . ." *Al-Oil, Inc v Pranger*, 365 Mich 46, 53; 112 NW2d 99 (1961) (quotation marks and citation omitted).  A reasonable time for performance depends upon the nature of the contract and the facts and circumstances of each case.  *Jackson v Estate of Green*, 484 Mich 209, 217; 771 NW2d 675 (2009).  As previously described, Blue Water delayed performance while it retained an attorney to divide the property and later attempted to sell the property.  LaSala did not initially object to Blue Water's delayed performance and stood to benefit from the potential sale of the property because he retained a "first priority lien interest in the entire property for the full amount of the finance monies he put forth . . ." plus additional costs.  Blue Water's delayed performance was therefore reasonable until LaSala demanded that it comply with the contract at an unspecified date in 2016 or 2017.  It follows, then, that Blue Water's alleged breach occurred, at the earliest, in 2016.  LaSala filed suit on August 12, 2021, within the six-year statutory limitations period applicable to his claims.  Therefore, the trial court erred by granting Blue Water's motion for summary disposition under MCR 2.116(C)(7).

## C.  UNJUST ENRICHMENT

---

[4] Generally, if contracting parties agree that time is of the essence, then they must strictly comply with the contract's temporal provisions.  See *Jones v Berkey*, 181 Mich 472, 479; 148 NW 375 (1914).

The trial court correctly granted summary disposition in favor of Blue Water under MCR 2.116(C)(8) because LaSala failed to state an actionable claim for unjust enrichment. The existence of an express contract on the same matter means the court will not imply one for an unjust enrichment claim.

In order to sustain an unjust enrichment claim, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff, and (2) resulting inequity to the plaintiff because of the defendant's retained benefit. *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1993). In such instances, the law will imply a contract in order to prevent unjust enrichment. *Id*. "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id*. (citations omitted).

Here, LaSala alleges that Blue Water was unjustly enriched by accepting his funds without honoring its contractual obligations. In doing so, he alleges that he is a party to an express contract with Blue Water covering the same subject matter. Because the law will not imply a contract if there is an express contract between the parties covering the same subject matter, LaSala failed to state an actionable claim for unjust enrichment. See *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 199; 729 NW2d 898 (2006) (explaining that Michigan law does not permit "simultaneous and alternative claims for breach of contract and unjust enrichment" against the same defendant). The trial court correctly granted summary disposition in favor of Blue Water under MCR 2.116(C)(8).

## D. MOOTNESS

The trial court erred by denying LaSala's motion for summary disposition under MCR 2.116(C)(10) as moot. It erroneously concluded that LaSala's claims were barred by the statute of limitations and therefore should have ruled on his summary disposition motion.

As a general rule, Michigan courts will not address moot issues. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013). "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010) (citation omitted). "An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Id*. (citation omitted).

Here, the trial court denied LaSala's summary disposition motion as moot on the basis of its conclusion that LaSala's claims were barred by the statute of limitations. However, the trial court erred by concluding that LaSala's claims were barred by the statute of limitations and granting summary disposition in favor of Blue Water on that basis. Therefore, the outcome of LaSala's summary disposition motion may still have a practical legal effect on the existing controversy, and it is possible for the trial court to grant LaSala's requested relief. LaSala's summary disposition motion is not moot, and the trial court erred by denying the motion on that basis.

## IV. CONCLUSION

We vacate the trial court's order granting summary disposition in favor of Blue Water in part and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Noah P. Hood