*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERNEST L. JARRETT and ERNEST L. JARRETT P.C.,

UNPUBLISHED
November 18, 2025
3:16 PM

Plaintiffs-Appellants,

v

No. 370025
Wayne Circuit Court
LC No. 22-015292-CZ

DOMINIC ARCHIBALD,

Defendant-Appellee.

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

In this dispute over attorney fees, plaintiffs appeal the trial court's order granting summary disposition to defendant[1] under MCR 2.116(I)(2) (opposing party entitled to judgment). We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2015, defendant's son was shot and killed by a sheriff's deputy in California. In February 2016, defendant allegedly contacted plaintiff Ernest Jarrett to help her persuade California officials to pursue criminal charges against the deputy. In accordance with the parties' purported oral agreement, plaintiffs claimed they devoted about 73.5 hours of work to defendant's case at a rate of $350 per hour, totaling about $31,222.46 in costs and attorney fees. Defendant, however, failed to pay. Nearly six years later, plaintiffs brought suit, alleging claims of breach of express and implied contract, account stated, and unjust enrichment. Defendant answered, denying plaintiffs' allegations and asserting only three affirmative defenses. Relevant to this appeal, defendant did not assert a statute-of-limitations defense.

Plaintiffs subsequently moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), alleging there was no genuine issue of material fact that defendant

---

[1] We note that defendant is the mother of the deceased.

failed to pay plaintiffs under the terms of the oral agreement. In response, defendant asserted that plaintiffs' claims were barred by the six-year statute of limitations. Accordingly, defendant requested the trial court grant her summary disposition under MCR 2.116(I)(2) and (C)(7) (claim barred by statute of limitations). Defendant also claimed that she only agreed to pay a contingency fee if plaintiffs successfully tried a civil case brought in connection with her son's death, and never agreed to pay the fees and costs identified by plaintiffs. Because there was a factual dispute on the issues of the existence of the oral agreement and the actual work done, defendant contended that summary disposition under MCR 2.116(C)(10) would be improper.

In reply, plaintiffs claimed that they performed under two separate and distinct contracts: an oral agreement for plaintiff's efforts to secure a criminal prosecution and a written contingency-fee agreement for their representation of defendant in the civil case. Plaintiffs also argued that defendant waived the statute-of-limitations defense because defendant failed to assert it in her answer to plaintiffs' complaint. Moreover, plaintiffs asserted that even if defendant's statute-of-limitations argument was not waived, the defense lacked merit because plaintiff's breach-of-contract claim could not accrue before defendant failed to pay the amount due under the contract within a reasonable time.

Defendant subsequently filed an amended answer to plaintiffs' complaint adding a statute-of-limitations defense while Jarrett was recovering from surgery, but never filed a motion to amend. The trial court ultimately determined that defendant did not waive the statute-of-limitations defense. Additionally, it found defendant was entitled to summary disposition under MCR 2.116(I)(2) and (C)(7), finding that plaintiffs' claim accrued after they sent defendant their billing statement in early December 2016, meaning their claim was barred by the statute of limitations. Alternatively, the trial court held that summary disposition was also proper because the parol-evidence rule barred plaintiffs from submitting evidence of the oral agreement to alter the terms of the written contingency-fee agreement. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo the construction and application of court rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). "This Court reviews a trial court's decision to permit a party to amend its pleadings for an abuse of discretion." *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

A trial court's decision on a motion for summary disposition is also reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Whether a period of limitations applies in particular circumstances constitutes a legal question that this Court also considers de novo." *Armijo v Bronson Methodist Hosp*, 345 Mich App 254, 262; 4 NW3d 789 (2023) (quotation marks and citation omitted). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations." *Id*. (quotation marks and citation omitted).

When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other

documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom*, 287 Mich App at 428-429 (citations omitted).]

A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The motion may only be granted if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. A genuine issue of material fact exists when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. WAIVER OF AFFIRMATIVE DEFENSES

Plaintiffs first claim that the trial court erred by disregarding the applicable court rules and considering defendant's motion for summary disposition. We disagree.

"Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." MCR 2.111(F)(3). "A party that fails to raise an affirmative defense as required by MCR 2.111(F) waives the defense." *Harris v Vernier*, 242 Mich App 306, 312; 617 NW2d 764 (2000); see also MCR 2.111(F)(2). A party may amend its pleading by leave of the court, and "leave shall be freely given when justice so requires." MCR 2.118(A)(2). "Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007).

In *Cole v Ladbroke Racing Mich Inc*, 241 Mich App 1, 8-10; 614 NW2d 169 (2000), this Court addressed whether the defendant waived an affirmative defense after failing to raise it in its first responsive pleading and failing to move to amend the pleading to add the defense later. This Court opined:

Ordinarily, we would deem the . . . defense waived. However, at the hearing concerning defendant's second motion for summary disposition, the trial court recognized that defendant needed the court's permission to assert the affirmative defense, and then stated, "Let's go ahead." The trial court proceeded to hear the parties' arguments regarding the immunity issue and rendered its ruling based on immunity.

* * *

Although no motion to amend was filed until after the court ruled, it is clear to this Court that the trial court constructively granted leave to amend by allowing argument and, ultimately, dismissing the action . . . . Because plaintiff briefed the issue and was afforded an opportunity for oral argument in response to defendant's second motion for summary disposition, we find no prejudice. [*Id*. at 9-10.]

In this case, the trial court acknowledged that defendant was required by the court rules to seek leave to amend her answer. But it constructively granted defendant leave to amend when it stated that it would have granted a motion to amend had one been filed, and that there was no surprise to plaintiffs. The trial court's ruling was largely predicated on the statute-of-limitations defense. Moreover, not only did defense counsel state that he e-mailed plaintiffs regarding his intent to file an amended answer, plaintiffs also had the opportunity to brief the statute-of-limitations argument, and were afforded the opportunity to argue their position. Thus, defendant's amendment was properly accepted by the trial court, meaning the statute-of-limitations defense was not waived, and the trial court did not err by considering defendant's motion for summary disposition.

## IV. SUMMARY DISPOSITION

Plaintiffs additionally claim that the trial court erred by finding their case was time-barred by the statute of limitations, dismissing their equitable claims, granting summary disposition on the basis of the parol-evidence rule, and not granting their motion for summary disposition. We agree that the trial court erred by granting summary disposition to defendant, but plaintiffs are not entitled to summary disposition.

## A. STATUTE OF LIMITATIONS

The statute of limitations for a breach-of-contract claim is six years. MCL 600.5807(9). An unjust-enrichment claim is the "equitable counterpart of a legal claim for breach of contract," *AFT Mich v Michigan*, 303 Mich App 651, 677; 846 NW2d 583 (2014), as such, the statute of limitations for a breach-of-contract claim applies to a claim for unjust enrichment, see *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 127 n 9; 537 NW2d 596 (1995); MCL 600.5815. A breach-of-contract claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. "For a breach of contract action, the limitations period generally begins to run on the date that the breach occurs." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 355; 771 NW2d 411 (2009). But, "[w]hen a contract does not identify a time for performance, . . . 'the law will presume a reasonable time.' " *In re Prichard Estate*, 410 Mich 587, 592; 302 NW2d 554 (1981), quoting *Duke v Miller*, 355 Mich 540, 543; 94 NW2d 819 (1959). A reasonable time for performance depends upon the nature of the contract and the facts and circumstances of each case. *Jackson v Estate of Green*, 484 Mich 209, 217; 771 NW2d 675 (2009). "Determining what constitutes a reasonable amount of time . . . is necessarily a factual question properly decided by the jury." *Id*.

Here, plaintiffs' billing statement and letter to defendant did not specify a specific payment due date. With no set date of performance, plaintiffs' claims would have accrued only after a reasonable time had passed. Because such a determination is necessarily a factual question for a jury, *Jackson*, 484 Mich at 217, the trial court erred by granting summary disposition to defendant

on these grounds. Similarly, the trial court impliedly ruled that plaintiffs' unjust-enrichment claim was barred by the six-year statute of limitations. Because this ruling was also based on its erroneous determination of the reasonable time for performance in this case, *Jackson*, 484 Mich at 217, the trial court necessarily erred in dismissing this claim as well.

We note that defendant relies on *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345; 771 NW2d 411 (2009), to support her contention that plaintiffs' breach-of-contract claim is barred by the statute of limitations because their claim accrued when "the attorney-client relationship was terminated in September, with confirmation in October." In *Seyburn*, the defendant retained the plaintiff law firm to represent him in a civil litigation action. *Id*. at 349. Contrary to the parties' agreement, in late 1992, the defendant stopped paying the plaintiff for their services while the appeal in the underlying litigation was pending. *Id*. The defendant, however, never terminated the attorney-client relationship. *Id*. at 359. It was not until September 1993, after plaintiff moved to withdraw with this Court, that the attorney-client relationship was terminated. *Id*. at 359-360. Because the plaintiff's representation continued until this Court terminated the relationship, the *Seyburn* Court held that the plaintiff's "cause of action to recover attorney fees accrued on the date that the attorney-client relationship was terminated" in September 1993, not when the defendant ceased payment in late 1992. *Id*. at 360. In doing so, *Seyburn* created an exception to the general rule that "an attorney's cause of action to recover attorney fees would accrue on the date the client breached the parties' agreement by failing to pay in accordance with its terms," concluding that:

> [I]n the context of litigation, the special features of the attorney-client relationship necessitate an exception to the general rule where the client breaches the agreement during the representation. Once litigation has commenced, an attorney cannot discontinue serving his or her client without an order of the court because an attorney's ability to terminate the representation may be limited by his or her responsibilities to the client. Although the client may have ceased making payments to the attorney, the attorney's representation of the client continues until the court has permitted the termination. [*Id*. at 359.]

*Seyburn*'s holding is distinguishable from this case. The oral agreement under which plaintiffs seek to recover was not an attorney-client relationship that required judicial approval before it could be terminated; the oral agreement solely governed plaintiffs' efforts to secure a criminal prosecution of the deputy who shot defendant's son. Indeed, in a December 1, 2016 letter sent to defendant, plaintiffs explained:

> As you, no doubt will recall, I simultaneously served as your lawyer in connection with the civil action which is currently pending, as well as your efforts to have [the deputy] and his companion prosecuted for their criminal conduct which resulted in your son's death. Pursuant to the contingent fee agreement you entered into with me, I look to any recovery you may obtain in the civil action as the fund from which my fees for services I performed in connection with that case will come. The amount to which I am entitled will be determined at that time. If you do not recover in your lawsuit, then you will not be obligated to me for attorney fees. The notice of lien relates to fees to which I will become entitled in the event of a recovery in that suit.

The lien does not, however, cover your obligation to compensate me for my services which were provided exclusively in connection with your efforts to secure a criminal prosecution of [the deputy] and his companion. As the services I provided for these purposes were not in furtherance of the lawsuit, I cannot look to any recovery you may obtain in that suit as the fund for payment for those services. Furthermore, unlike fees for my work on the civil suit, fees for my services which assisted you in your efforts to cause a criminal prosecution are not contingent or dependent in any way on the outcome of the civil case. Accordingly, I am billing you separately for my time in these undertakings, and request your payment for these services forthwith.

Because, unlike *Seyburn*, there was no attorney-client relationship under the oral agreement that necessitated discharge by the trial court, the general rules governing the accrual of a breach-of-contract claim apply, and the trial court erred by granting summary disposition to defendant.

## B. PAROL-EVIDENCE RULE

"The parol evidence rule may be summarized as follows: [p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Hamade v Sunoco, Inc*, 271 Mich App 145, 166; 721 NW2d 233 (2006) (quotation marks and citation omitted). In order for the parol-evidence rule to apply, there must be "a finding that the parties intended the written instrument to be a complete expression of their agreement with regard to the matters covered." *Id*. at 167. As such, "extrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on this threshold question of whether the written instrument is such an integrated agreement." *Id*. (quotation marks, brackets, and citation omitted).

Here, plaintiffs alleged that the oral agreement and written contingency-fee agreement were two separate and distinct contracts. According to plaintiffs, under the terms of the oral agreement, they would represent defendant in her efforts to have the sheriff's deputy criminally prosecuted for the death of her son. The contingency-fee agreement, on the other hand, concerned defendant's civil case to collect damages arising from the wrongful death of her son. Although plaintiffs admitted that some aspects of the work performed for these cases overlapped, evidence of the oral agreement was not introduced to alter the terms of the written contingency-fee agreement. Rather, plaintiffs were attempting to collect under the terms of entirely different agreement. The trial court, therefore, erred by finding that the parol-evidence rule barred plaintiffs' breach-of-contract claim.

## C. GENUINE ISSUE OF MATERIAL FACT

As noted above, "[i]n reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto*, 451 Mich at 362. In her affidavit, defendant denied that any other fee agreement existed other than the contingency-fee agreement.

Defendant claimed that she did not agree to pay plaintiffs $350 per hour for the work identified in their billing statement, rather, plaintiffs incurred those expenses "as part of [their] initial efforts to strengthen [their] bond with [her] and perhaps to strengthen the civil case. Moreover, Plaintiff[s'] billing records [did] not reliably track [Jarrett's] time." Reading this evidence in the light most favorable to defendant, there remains a question of fact regarding the existence, and, by extension, the enforceability, of the alleged oral agreement. Accordingly, plaintiffs are not entitled to summary disposition.

## V. REMAND TO A DIFFERENT JUDGE

Finally, plaintiffs contend that the case should be remanded to a different trial court judge. We disagree.

"The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case." *Bayati v Bayati*, 264 Mich App 595, 602; 691 NW2d 812 (2004). This Court "may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Id*. at 602-603. "However, we will not remand to a different judge merely because the judge came to the wrong legal conclusion. Repeated rulings against a party, no matter how erroneous, or vigorously or consistently expressed, are not disqualifying." *Id*. at 603. "Rather, [a] plaintiff must demonstrate that the judge would be unable to rule fairly on remand given his past comments or expressed views." *Id*.

Plaintiffs contend that the trial court exhibited bias against them because it allowed defendant—the opposing party—to speak first during a hearing, permitted her to discuss the implication of the civil case, interrupted plaintiffs during their argument, and seemingly challenged the "propriety and/or ethics" of plaintiffs' work in attempting to secure a criminal prosecution. Plaintiffs, however, fail to explain how any of these circumstances demonstrate that "the judge would be unable to rule fairly on remand given his past comments or expressed views." *Bayati*, 264 Mich App at 603. Plaintiffs also take issue with the fact that the trial court considered defendant's motion for summary disposition even though defendant "waived" the defense. But, as discussed above, it was within the trial court's discretion to consider defendant's motion for summary disposition. Although the trial court erred by finding that the parol-evidence rule barred plaintiffs' breach-of-contract claim, "we will not remand to a different judge merely because the judge came to the wrong legal conclusion." *Id*. Accordingly, remand to a different judge is not warranted.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron

-7-